IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

**CASE NO:** 07-80031

CIV-MIDDLEBROOKS

MAGISTRATE JUDGE JOHNSON

FILED by JC D.C.
INTAKE
JAN 10 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI

MICHAEL L. YOUNG,

Plaintiff

v.

REED ELSEVIER, INC., SEISINT, INC., CITIBANK, FEDERAL SAVINGS BANK, CITIBANK (WEST), FSB, CITIMORTGAGE, INC., and TRANSUNION, LLC,

Defendants.

**DEFENDANT TRANS UNION LLC'S PARTIAL MOTION TO DISMISS AND ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT SUBJECT THERETO**

COMES NOW, Trans Union LLC ("Trans Union"), incorrectly named as Transunion, LLC, files this its Partial Motion to Dismiss and subject thereto answers the Amended Complaint (the "Complaint" ) filed by Plaintiff Michael L. Young ("Plaintiff") as follows:

**I.**

**MOTION TO DISMISS**

Plaintiff alleges that Defendant Trans Union LLC, a consumer reporting agency, included inaccurate information pertaining to accounts on the Plaintiff's credit report. Plaintiff brings claims against Trans Union under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq. Plaintiff states he is "in need of a temporary and permanent injunction to prevent future damage as a result of TRANSUNION'S continuing publication of false and derogatory information concerning his credit history." (Plf's Comp. ¶ 72.) This Court must dismiss Plaintiff's request for injunctive relief as



1960682.1/SP/83057/0495/011007

Dockets.Justia.com

private plaintiffs cannot seek injunctive relief under the FCRA. *See, Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 340 (N.D. Ill. 2002) ("[T]his court agrees with *Washington* that Congress vested the power to obtain injunctive relief solely with the FTC [Federal Trade Commission]"); *Bumgardner v. Lite Cellular, Inc.*, 996 F. Supp. 525, 527 (E.D. Va. 1998) ("Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy"); *Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 284-85 (S.D. Fla. 1995) (holding that private plaintiffs cannot seek injunctive relief under the FCRA because such relief would circumvent the Federal Trade Commission's ("FTC") discretion to enforce the FCRA).

Sections 1681n and 1681o of the FCRA prescribe the potential civil liability for noncompliance with the FCRA. Neither section makes any mention of injunctive relief. Section 1681s(a) of the FCRA, however, does grant the power to obtain injunctive relief, but only to the FTC. See 15 U.S.C. § 1681s(a) ("Compliance with the requirements imposed under this title shall be enforced under the Federal Trade Commission Act . . . . by the Federal Trade Commission"). The omission of an equitable remedy under Sections 1681n and 1681o is significant because Congress expressly created an equitable remedy under Section 1681s(a). If Congress had intended to give private plaintiffs the right to seek injunctive relief for noncompliance with the FCRA, it would have expressly created an equitable remedy under Sections 1681n and 1681o. *Washington,* 199 F.3d at 269; *Mangio*, 887 F. Supp. at 285.

Accordingly, this Court should follow the lead of the other courts that have considered this issue and find that the FCRA does not afford the Plaintiff a right to injunctive relief under the FCRA and dismiss Plaintiff's request for the same.

## II.

## ANSWER

Subject to its Partial Motion to Dismiss, Defendant Trans Union LLC ("Trans Union") answers the Amended Complaint (the "Complaint") filed by Michael L. Young ("Plaintiff") as follows:

## GENERAL ALLEGATIONS

1. Trans Union admits Plaintiff filed this action seeking damages. Trans Union denies any liability to Plaintiff and further denies that Plaintiff suffered damages as a result of Trans Union's credit reporting practices.

2. Trans Union admits that jurisdiction is appropriate in this Court.

3. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 3, and therefore, denies the same.

4. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 4 and therefore, denies the same.

5. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 5, and therefore, denies the same.

6. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 6, and therefore, denies the same.

7. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 7, and therefore, denies the same.

8. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 8, and therefore, denies the same.

9. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 9, and therefore, denies the same.

10. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 10, and therefore, denies the same.

11. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 11, and therefore, denies the same.

12. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 12, and therefore, denies the same.

13. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 13, and therefore, denies the same.

14. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 14, and therefore, denies the same.

15. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 15, and therefore, denies the same.

16. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 16, and therefore, denies the same.

17. Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Trans Union admits that it is a foreign corporation authorized to do business within the State of Florida.

18. Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

19. Trans Union admits that venue is appropriate in this Court

**COUNT I – LIBEL BY ACCURINT**

Trans Union restates and incorporates its responses to paragraphs 1 – 19.

20. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 20, and therefore, denies the same.

21. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 21, and therefore, denies the same.

22. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 22, and therefore, denies the same.

23. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 23, and therefore, denies the same.

24. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 24, and therefore, denies the same.

25. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 25, and therefore, denies the same.

26. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 26, and therefore, denies the same.

27. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 27, and therefore, denies the same.

28. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 28, and therefore, denies the same.

29. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 29, and therefore, denies the same.

30. Trans Union denies the allegation contained in paragraph 30 of the Complaint. Trans Union denies that Plaintiff suffered damage as a result of Trans Union's credit reporting practices.

31. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 31, and therefore, denies the same.

Trans Union denies the relief sought by Plaintiff in the prayer paragraph of the Count I of the Complaint.

**COUNT II – VIOLATIONS OF UNFAIR AND DECEPTIVE TRADE PRACTICES ACT**

Trans Union restates and incorporates its responses to paragraphs 1 – 31.

32. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 32, and therefore, denies the same.

33. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 33, and therefore, denies the same.

34. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 34, and therefore, denies the same.

35. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 35, and therefore, denies the same.

36. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 36, and therefore, denies the same.

Trans Union denies the relief sought by Plaintiff in the prayer paragraph of the Count II of the Complaint.

**COUNT III – VIOLATIONS OF FAIR CREDIT REPORTING ACT BY CITIBANK**

Trans Union restates and incorporates its responses to paragraphs 1 – 36.

37. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 37, and therefore, denies the same.

38. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 38, and therefore, denies the same.

39. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 39, and therefore, denies the same.

40. The provisions of 15 U.S.C. 1681 (d) are self-evident and speak for themselves. Trans Union is not required to admit or deny the averments contained in

paragraph 40 of the Complaint. As to the remaining averments, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 40, and therefore, denies the same.

41. Trans Union denies that Plaintiff suffered damage as a result of Trans Union's credit reporting practices. As to the remaining averments, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 41, and therefore, denies the same.

42. Trans Union denies that Plaintiff suffered damage as a result of Trans Union's credit reporting practices. As to the remaining averments, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 42, and therefore, denies the same.

43. The provisions of 15 U.S.C. 1681li(a)(2) are self-evident and speak for themselves. Trans Union is not required to admit or deny the averments contained in paragraph 43 of the Complaint. As to the remaining averments, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 43, and therefore, denies the same. Answering further, Trans Union denies that Plaintiff suffered damage as a result of Trans Union's credit reporting practices.

44. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 44, and therefore, denies the same.

45. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 45, and therefore, denies the same.

46. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 46, and therefore, denies the same.

47. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 47, and therefore, denies the same.

48. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 48, and therefore, denies the same.

Trans Union denies the relief sought by Plaintiff in the prayer paragraph of the Count III of the Complaint.

**COUNT IV – TEMPORARY AND PERMANENT INJUNCTION AGAINST CITIBANK**

Trans Union restates and incorporates its responses to paragraphs 1 – 48.

49. Trans Union admits the plaintiff brings this action for temporary and permanent injunction against Citibank.

50. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 50, and therefore, denies the same.

51. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 51, and therefore, denies the same.

52. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 52, and therefore, denies the same.

53. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 53, and therefore, denies the same.

54. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 54, and therefore, denies the same.

Trans Union denies the relief sought by Plaintiff in the prayer paragraph of the Count IV of the Complaint.

**COUNT V – VIOLATIONS OF FAIR CREDIT REPORTING ACT AGAINST TRANSUNION**

Trans Union restates and incorporates its responses to paragraphs 1 – 54.

55. The provisions of 15 U.S.C. 1681a(d) are self-evident and speak for themselves. Trans Union is not required to admit or deny the averments contained in paragraph 55 of the Complaint.

56. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 56, and therefore, denies the same.

57. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 57, and therefore, denies the same.

58. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 58, and therefore, denies the same.

59. The provisions of 15 U.S.C. 1681(d) are self-evident and speak for themselves. Trans Union is not required to admit or deny the averments contained in paragraph 58 of the Complaint. Answering further, Trans Union denies that Plaintiff suffered damage as a result of Trans Union's credit reporting practices.

60. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 60, and therefore, denies the same.

61. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 61, and therefore, denies the same. Answering further, Trans Union denies that Plaintiff suffered damage as a result of Trans Union's credit reporting practices.

62. Trans Union denies the allegations contained in paragraph 62 of the Complaint.

63. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 63, and therefore, denies the same.

64. Trans Union denies the allegations contained in paragraph 64 of the Complaint.

65. Trans Union denies the allegations contained in paragraph 65 of the Complaint.

66. Trans Union denies the allegations contained in paragraph 66 of the Complaint. Answering further, Trans Union denies that Plaintiff suffered damage as a result of Trans Union's credit reporting practices.

67. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 67, and therefore, denies the same.

68. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 68, and therefore, denies the same.

Trans Union denies the relief sought by Plaintiff in the prayer paragraph of the Count V of the Complaint.

**COUNT VI – TEMPORARY AND PERMANENT INJUNCTION AGAINST TRANSUNION**

Trans Union restates and incorporates its responses to paragraphs 1 – 68.

69. Trans Union denies the relief sought by Plaintiff in paragraph 69 of the Complaint.

70. Trans Union denies the allegations contained in paragraph 70 of the Complaint. Answering further, Trans Union denies that Plaintiff suffered damage as a result of Trans Union's credit reporting practices.

71. Trans Union denies the allegations contained in paragraph 71 of the Complaint. Answering further, Trans Union denies that Plaintiff suffered damage as a result of Trans Union's credit reporting practices.

72. Trans Union denies the allegations contained in paragraph 72 of the Complaint. Trans Union further denies the relief sought by Plaintiff in paragraph 72 of

the Complaint. Answering further, Trans Union denies that Plaintiff suffered damage as a result of Trans Union's credit reporting practices.

73. Trans Union denies the relief sought by Plaintiff in paragraph 73 of the Complaint.

Trans Union denies the relief sought by Plaintiff in the prayer paragraph of the Count VI of the Complaint.

Trans Union admits Plaintiff's request for a jury is proper.

## DEFENSES

74. Plaintiff has failed to state a claim against Trans Union upon which relief can be granted.

75. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

76. Trans Union alleges that any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

77. Trans Union, in compliance with the Fair Credit Reporting Act, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

78. Trans Union at all times acted in compliance with the Fair Credit Reporting Act.

79. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

80. Plaintiff's common law and/or state law claims are barred/preempted by the qualified immunity granted by the Fair Credit Reporting Act.

81. Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

82. Trans Union did not publish false or inaccurate information regarding Plaintiff.

83. Any statement made by Trans Union regarding Plaintiff was true or substantially true.

84. Plaintiff failed to mitigate his alleged damages.

85. At all relevant times, Trans Union has acted under the qualified immunity provided in the Fair Credit Reporting Act.

86. At all relevant times, Trans Union has acted under a qualified privilege provided in the common law.

87. To the extent Trans Union could be found liable, Plaintiff was comparatively/contributorily negligent.

88. Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or o of the FCRA in bad faith or for purposes of harassment.

89. Plaintiff's alleged injuries were proximately caused in whole or in part by the negligence of Plaintiff, Reed Elsevier, Inc., Seisnt, Inc., Citibank Federal Savings Bank, Citibank (West), FSB, and Citimortgage, Inc. and liability should be reduced accordingly. Issues as to the percentage of each of their responsibility is requested to be submitted to the trier of the fact.

90. In the event that a settlement is reached between Plaintiff and any other party, Defendant Trans Union is entitled to any settlement credits permitted by law.

91. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superceding cause.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

Respectfully submitted,

**FRANKLIN G. COSMEN**
Florida Bar No. 0089214
**Fowler White Burnett P A**
Espirito Santo Plaza
1395 Brickell Avenue, 14th Floor
Miami, Florida 33131-3302
(305) 789-9229
(305) 789-9201 (Fax)

**COUNSEL FOR DEFENDANT TRANS UNION LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on 10th of January, 2007, I electronically filed the foregoing document with the Clerk of the Court, ~~using CM/ECF. I~~ also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, ~~either via transmission of~~ Notices ~~of Electronic Filing generated by CM/ECF or in some other authorized manner~~ for ~~those counsel~~ or parties who are not authorized to receive electronically ~~Notices of Electronic~~ Filing.

FRANKLIN G. COSMEN

**SERVICE LIST**

MICHAEL L. YOUNG versus REED ELSEVIER, INC., et al

CASE NO. _______________

United States District Court, Southern District of Florida, Palm Beach Division

Barry S. Balmuth
balmuthlaw@alum.emory.edu
Barry S. Balmuth, P.A.
Centurion Tower
1601 Forum Place, Suite 1101
West Palm Beach, Florida 33401
Telephone: (561) 242-9400
Facsimile: (561) 478-2433
Attorneys for Plaintiff, Michael L. Young
***Service through ~~CM/ECF System~~*** U.S. Mail

Trevor G. Hawes
thawes@hinshawlaw.com
50 North Laura Street
Suite 41 00
Jacksonville, FL 32202
Telephone: 904-359-9620
Facsimile: 904-359-9640
Counsel for Defendant, Citibank Federal Savings Bank; Citibank (West), FSB; and Citimortgage, Inc.
***Service through ~~CM/ECF System~~*** U.S. Mail

John M. Byrne
john.byrne@lexisnexis.com
6601 Park of Commerce Blvd.
Boca Raton, Florida 33487
Telephone: (561) 999-4436
Facsimile: (561) 981-0869
Counsel for Defendant, Reed Elsevier, Inc. and Seisnt, Inc.
***Service through ~~CM/ECF System~~*** U.S. Mail



1960682.1/SP/83057/0495/011007

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO: 07-80031

CIV-MIDDLEBROOKS

MAGISTRATE JUDGE
JOHNSON

MICHAEL L. YOUNG,
Plaintiff

v.

REED ELSEVIER, INC., SEISINT, INC., CITIBANK, FEDERAL SAVINGS BANK, CITIBANK (WEST), FSB, CITIMORTGAGE, INC., and TRANSUNION, LLC,

Defendants.

**ORDER**

This Court, having considered Defendant Trans Union LLC's Partial Motion To Dismiss and Original Answer And Affirmative Defenses, finds that the Motion is well taken and should in all respects be GRANTED in entirety.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Plaintiffs' claim for injunctive relief is dismissed in its entirety with prejudice to the refiling of the same.

____________________________________
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record