**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

MICHAEL L. YOUNG

Plaintiff,

vs.

REED ELSEVIER, INC., SEISINT, INC., CITIBANK, FEDERAL SAVINGS BANK, CITIBANK (WEST), FSB, CITIMORTGAGE, INC., and TRANSUNION, LLC

Defendants.
_______________________________________/

Case No. 07-80031 CIV-MIDDLEBROOKS/ JOHNSON

**ANSWER WITH AFFIRMATIVE DEFENSES**

COME NOW, CITIBANK, FEDERAL SAVINGS BANK, CITIMORTGAGE, INC., and the improperly named defendant, CITIBANK (WEST) FSB (hereafter collectively referred to as "Citibank"), by and through undersigned counsel hereby files this, their Answer With Affirmative Defenses responding to the allegations in the Plaintiff's Amended Complaint in seriatim, as follows:

**GENERAL ALLEGATIONS**

1. Citibank denies the allegations of paragraph 1 of the Amended Complaint.

2. Citibank admits the allegations of paragraph 2 of the Amended Complaint strictly and solely for jurisdictional and venue purposes.

3. Citibank is without sufficient information or knowledge of the allegations in paragraph 3 of the Amended Complaint and, therefore, must deny same.

4. Citibank denies the allegations of paragraph 4 of the Amended Complaint.


Dockets.Justia.com

5. Citibank is without sufficient information or knowledge of the allegations in paragraph 5 of the Amended Complaint and, therefore, must deny same.

6. Citibank is without sufficient information or knowledge of the allegations in paragraph 6 of the Amended Complaint and, therefore, must deny same.

7. Citibank is without sufficient information or knowledge of the allegations in paragraph 7 of the Amended Complaint and, therefore, must deny same.

8. Citibank is without sufficient information or knowledge of the allegations in paragraph 8 of the Amended Complaint and, therefore, must deny same.

9. Citibank is without sufficient information or knowledge of the allegations in paragraph 9 of the Amended Complaint and, therefore, must deny same.

10. Citibank is without sufficient information or knowledge of the allegations in paragraph 10 of the Amended Complaint and, therefore, must deny same.

11. Citibank is without sufficient information or knowledge of the allegations in paragraph 11 of the Amended Complaint and, therefore, must deny same.

12. Citibank admits the allegations of paragraph 12 of the Amended Complaint strictly and solely for jurisdictional and venue purposes.

13. Citibank denies the allegations of paragraph 13 of the Amended Complaint. Citibank admits that CITIBANK, NA is the successor in interest by merger to CITIBANK (WEST) FSB.

14. Citibank admits the allegations of paragraph 14 of the Amended Complaint strictly and solely for jurisdictional and venue purposes.

15. Citibank denies the allegations of paragraph 15 of the Amended Complaint.

16. Citibank denies the allegations of paragraph 16 of the Amended Complaint.

17. Citibank is without sufficient information or knowledge of the allegations in paragraph 17 of the Amended Complaint and, therefore, must deny same.

18. Citibank is without sufficient information or knowledge of the allegations in paragraph 18 of the Amended Complaint and, therefore, must deny same.

19. Citibank admits the allegations of paragraph 19 of the Amended Complaint strictly and solely for venue purposes.

**COUNTS I & II (Accurint)**

20. Paragraphs 20 through 36 of the Amended Complaint do not appear to be directed to Citibank making a response superfluous. However, in an abundance of caution, Citibank would deny the allegations of paragraphs 20 through 36 of the Amended Complaint.

**COUNT III (Citibank)**

21. Citibank denies the allegations of paragraph 37 of the Amended Complaint.

22. Citibank denies the allegations of paragraph 38 of the Amended Complaint.

23. Citibank is without sufficient information or knowledge of the allegations in paragraph 39 of the Amended Complaint and, therefore, must deny same.

24. Citibank is without sufficient information or knowledge of the allegations in paragraph 40 of the Amended Complaint and, therefore, must deny same.

25. Citibank is without sufficient information or knowledge of the allegations in paragraph 41 of the Amended Complaint and, therefore, must deny same.

26. Citibank is without sufficient information or knowledge of the allegations in paragraph 42 of the Amended Complaint and, therefore, must deny same.

27. Citibank is without sufficient information or knowledge of the allegations in paragraph 43 of the Amended Complaint and, therefore, must deny same.

28. Citibank is without sufficient information or knowledge of the allegations in paragraph 44 of the Amended Complaint and, therefore, must deny same.

29. Citibank denies the allegations in paragraph 45 of the Amended Complaint.

30. Citibank denies the allegations in paragraph 46 of the Amended Complaint.

31. Citibank denies the allegations in paragraph 47 of the Amended Complaint.

32. Citibank denies the allegations in paragraph 48 of the Amended Complaint.

**COUNT IV (Citibank)**

33. Citibank is without sufficient information or knowledge of the allegations in paragraph 49 of the Amended Complaint and, therefore, must deny same.

34. Citibank denies the allegations in paragraph 50 of the Amended Complaint.

35. Citibank denies the allegations in paragraph 51 of the Amended Complaint

36. Citibank denies the allegation in paragraph 52 of the Amended Complaint.

37. Citibank denies the allegations in paragraph 53 of the Amended Complaint.

38. Citibank denies the allegations in paragraph 54 of the Amended Complaint.

**COUNTS V & VI (TransUnion)**

39. Paragraphs 55 through 70 of the Amended Complaint do not appear to be directed to Citibank making a response superfluous. However, in an abundance of caution, Citibank would deny the allegations of paragraphs 55 through 70 of the Amended Complaint.

**AFFIRMATIVE DEFENSES**

40. For their first Affirmative Defense, Citibank would assert that the Plaintiff has failed to state a claim upon which the relief sought can be granted.

41. For their second Affirmative Defense, Citibank would assert that the Plaintiff is not entitled to an equitable remedy in the absence of any ability to recover at law.

42. For their third Affirmative Defense, Citibank would assert that the Plaintiff is not entitled to and equitable cause of action or injunctive relief under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq (the "FCRA"). *See, Washington v. CSC Credit Services, Inc.*, 199 F.3d 263, 268 (5th Cir. 2000).

43. For their fourth Affirmative Defense, Citibank would assert that at all times material it had in place reasonable and appropriate procedures to investigate and verify any and all credit information it was allegedly furnishing.

44. For their fifth Affirmative Defense, Citibank would assert that in accordance with the relevant provisions of the FCRA it reasonably and completely investigated, verified, updated, and/ or removed any and all disputed or allegedly false information reported by the Plaintiff.

45. For their sixth Affirmative Defense, Citibank would assert that the actions and/ or omissions complained of were caused by actions, omissions, and/ or errors of individuals and/ or entities, whether parties to this litigation or not, over whom Citibank has neither authority or an ability to control. Furthermore, Citibank would aver that these individuals and/ or entities are not agents, servants, or employees for whom Citibank may be held vicariously responsible under the FCRA.

46. For their seventh Affirmative Defense, Citibank would assert that the Plaintiff failed to mitigate his damages.

47. For their eight Affirmative Defense, Citibank would assert that as a result of this litigation it has been required to retain the undersigned counsel to whom they are obligated to pay a reasonable fee, for which Citibank is entitled to recovery pursuant to 15 U.S.C. §§ 1681n, 1681o, where applicable.

48 For their ninth Affirmative Defense, Citibank would assert that the Plaintiff's claim for the recovery of attorney's fees for his claim for injunctive relief is improper under either the FCRA, Florida common law and the "American Rule". That in the absence of a statute or contractual provision conferring a recovery of attorney's fees, a claim for the recovery of attorney's fees, as such, is improper.

**REQUEST FOR JURY TRIAL**

49. Citibank requests a jury trial on all issues so triable as a matter of right.

WHEREFORE, CITIBANK, FEDERAL SAVINGS BANK, CITIMORTGAGE, INC., and the improperly named defendant, CITIBANK (WEST) FSB respectfully requests that this Honorable Court deny the Plaintiff's claims in their entirety and award these defendants their costs and attorney's fees and such further relief as is just, proper and equitable.

HINSHAW & CULBERTSON LLP

/s/ Trevor G. Hawes
Trevor G. Hawes
Florida Bar No. 521531
50 North Laura Street
Suite 4100
Jacksonville, FL 32202
Telephone: 904-359-9620
Facsimile: 904-359-9640
email: thawes@hinshawlaw.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to Barry Balmuth, Esquire, Barry Balmuth, P.A., Centurion Tower, Eleventh Floor, 1601 Forum Place, Suite 1101, West Palm Beach, FL 33401, and Franklin Gordon Cosen, Jr., Fowler, White, Burnett, 1395 Brickell Avenue, 14th Floor, Miami, Florida 33131-3302 on this 17th day of January, 2007.

/s/ Trevor G. Hawes
Attorney