**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 07-80031-CIV-MIDDLEBROOKS/JOHNSON**

**MICHAEL L. YOUNG,**

**Plaintiff,**

**v.**

**REED ELSEVIER INC., SEISINT, INC.,**
**CITIBANK, FEDERAL SAVINGS BANK,**
**CITIBANK (WEST), FSB,**
**CITIMORTGAGE, INC., and**
**TRANS UNION, LLC,**

**Defendants.**
**_______________________________________/**

**YOUNG'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, MICHAEL L. YOUNG, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and S.D. Fla. L.R. 7.1, files this motion for leave to file the Second Amended Complaint attached hereto and, as grounds therefore, state:

**Summary of Facts of the Case**

Defendants, REED ELSEVIER INC. d/b/a LEXIS-NEXIS and SEISINT, INC. d/b/a ACCURINT (collectively, "LEXIS") prepare "Banko" and other reports regarding individuals to its clients. LEXIS included in its databases as it pertains to YOUNG information relating to the bankruptcy of another individual named Michael Young, thereby, indicating YOUNG was in bankruptcy. YOUNG has never filed bankruptcy. Though the Michael Young who actually filed bankruptcy has the same first and last name, he has a different middle initial (YOUNG'S middle initial is "L," whereas bankrupt Michael Young's middle initial is "J"), a different social

Dockets.Justia.com

security number, he is married (YOUNG is single and his ex-wife's name is different from that of the bankruptcy debtor's wife), and he filed bankruptcy in Ohio (YOUNG lives in Florida and has never lived in Ohio). Thus, even a cursory review by LEXIS of the data on bankrupt Michael Young would have indicated he was not YOUNG and the information should not have been associated with YOUNG.

Despite this, LEXIS published a "Banko" report(s) to Defendants, CITIBANK, FEDERAL SAVINGS BANK, CITIBANK (WEST), FSB, CITIMORTGAGE, INC. (collectively, "CITIBANK"), indicating that YOUNG had filed bankruptcy. CITIBANK froze YOUNG'S equity line (the "Equity Line"), causing checks to bounce. CITIBANK then advised Defendant, TRANS UNION, LLC ("TRANS UNION"), a credit reporting agency, that YOUNG's Equity Line was in bankruptcy. TRANS UNION stated that YOUNG's Equity Line was in bankruptcy in numerous credit reports it prepared. By publishing this derogatory information, LEXIS committed libel per se and damaged YOUNG.

Prior to filing this action, YOUNG wrote to LEXIS on two occasions requesting that the information regarding the bankrupt Michael Young be removed from its database as it relates to YOUNG. LEXIS advised him twice that LEXIS does not verify the accuracy of information in its database and has no mechanism to correct inaccurate information in its database. However, after YOUNG filed the original complaint in this action on November 21, 2006, despite previously stating their was no mechanism to do so, LEXIS did finally remove the reference to the bankruptcy of Michael J. Young in its database as it pertains to YOUNG on November 30, 2006. LEXIS actions are outrageous, reckless, and in willful disregard of the rights of YOUNG.

LEXIS dismissed his concerns, causing him severe emotional distress, until after YOUNG filed suit.

YOUNG disputed the erroneous reporting of the of status of his Equity Line by telephoning TRANS UNION on June 1, 2005 and continued to dispute the reference or coding of his Equity Line as being in a bankruptcy status in correspondence to TRANS UNION dated June 19, 2005, July 10, 2005, November 25, 2005, December 30, 2005, March 5, 2006, March 10, 2006, April 29, 2006, May 13, 2006, July 6, 2006, and September 4, 2006.

Despite this, TRANS UNION continued to report that YOUNG'S Equity Line account was in bankruptcy and maintained on several occasions that it had reverified that status with CITIBANK. TRANS UNION willfully and/or negligently violated 15 U.S.C. §1681e (Fair Credit Reporting Act, "FCRA") by preparing numerous consumer reports without following reasonable procedures to assure maximum possible accuracy of the information concerning YOUNG.

Additionally, TRANS UNION willfully and/or negligently violated 15 U.S.C. §1681i by willfully and/or negligently failing to conduct a reasonable reinvestigation of the accuracy of the false and derogatory statement that YOUNG's Equity Line was in bankruptcy after YOUNG disputed the bankruptcy status as erroneous. Indeed, TRANS UNION refused to accept the enclosures to correspondence from YOUNG including correspondence from CITIBANK stating the YOUNG'S Equity Line was "inadvertently coded as bankrupt" which should have put this matter to rest. Moreover, in the investigation or reinvestigation process, TRANS UNION, could have easily, and for a minimal fee, researched bankruptcy court records using Pacer or the free

telephonic voice case information system established by the United States Bankruptcy Courts or otherwise to determine, if indeed, YOUNG had filed for bankruptcy. TRANS UNION did none of these things. Instead, TRANS UNION continued to defame YOUNG by publishing false, negative, and derogatory information about his creditworthiness to third parties. There are additional allegations of violations of the FCRA alleged.

TRANS UNION did send to CITIBANK a "Consumer Dispute Verification" form seeking to verify the status of YOUNG's Equity Line on June 1, 2005, March 17, 2006, and September 12, 2006 and, possibly, other dates. CITIBANK was required by 15 U.S.C. §1681s-2(b) to conduct a reasonable reinvestigation of the disputed information of the disputed information and report the results of same to TRANS UNION. YOUNG is informed and believes that CITIBANK willfully and/or negligently violated 15 U.S.C. §1681s-2(b) by willfully and/or negligently failing to conduct a reasonable reinvestigation of the disputed false and derogatory statement that YOUNG had filed for bankruptcy and failing to notify TRANS UNION that the reporting of this information was in error.

In this action, YOUNG has brought claims for libel and under Florida's Unfair and Deceptive Practices Act against LEXIS and under the FCRA against CITIBANK and against TRANS UNION. Through formal discovery and informal investigation, YOUNG has found out that, at all material times, CITIBANK used LEXIS'S Banko service as its sole provider of bankruptcy information about its customers and that, CITIBANK claims (and LEXIS disputes) it could not have received its information regarding YOUNG'S purported bankruptcy filing from any other source. YOUNG has also discovered that TRANS UNION failed to research Pacer or

the free telephonic voice case information system established by the United States Bankruptcy Courts.[1] Based on this discovery and investigation, as well as further legal research, YOUNG seeks leave to file the Second Amended Complaint to add additional factual allegations, drop its claim for claim under Florida's Deceptive and Unfair Trade Practices Act against LEXIS and its claim for an injunction under the FCRA against CITIBANK,[2] and add claims for negligent and intentional infliction of emotional distress against LEXIS and an allegation of violation of 15 U.S.C. §1681e (FCRA) against TRANS UNION preparing numerous consumer reports without following reasonable procedures to assure maximum possible accuracy of the information concerning YOUNG.

YOUNG has amended his complaint once before after LEXIS corrected its databases, to drop count for injunctive relief because said count became moot. The amendment was made before the original complaint was even served. This motion had been brought within the time allotted by the court's Scheduling Order, there are no motions for summary judgment pending, no depositions have yet been taken, and LEXIS, to whom the proposed counts for negligent and intentional infliction of emotional distress are addressed, has sought no formal discovery of any kind as of yet. The other defendants have only submitted interrogatories and requests for production. Thus, there will be no unfair prejudice to defendants or undue delay in this cause.

---

[1] It is readily apparent from the lack of indication of same in initial disclosures and responses to discovery.

[2] The Court has dismissed YOUNG's count for injunction under the FCRA against TRANS UNION. The court ruled there is no private right to an injunction under the FCRA. The need for injunctive relief has also been obviated by corrective actions taken by defendants.

WHEREFORE, YOUNG respectfully requests the court to enter an Order granting it leave to file the Second Amended Complaint attached hereto and deeming the Second Amended Complaint filed as of the date of the Order and affording such other relief as justice may require.

**Memorandum of Law**

In Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court held:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Id. at 182, 83 S.Ct. 227 (District Court abused its discretion in refusing to allow plaintiff to amend complaint to state a claim in quantum meruit).

Here none of the grounds which could defeat a request to allow an amendment exist. The factual allegations of the count for negligent and intentional infliction of emotional distress

against LEXIS are essentially the same as those in the Amended Complaints' count for violation of Florida's Deceptive and Unfair Trade Practices Act. Counsel for YOUNG simply learned more about YOUNG'S damage claims as the case proceeded and also did further legal research and determined that claims for negligent and intentional infliction of emotional distress are better suited to the YOUNG'S damage claims than a claim for deceptive and unfair trade practices. There will be absolutely no prejudice to LEXIS in that they have not sought any discovery as of yet and any discovery they might be contemplating would be similar under the Second Amended Complaint and the Amended Complaint.

Based on obtaining addition information from TRANS UNION regarding this transaction and reviewing the recent (October 13, 2006) decision in White v. Trans Union, LLC, 462 F.Supp 2d 1079 (C.D. Cal. 2006), YOUNG seeks to add a claim for violation of 15 U.S.C. §1681e (FCRA) against TRANS UNION for preparing numerous consumer reports without following reasonable procedures to assure maximum possible accuracy of the information concerning YOUNG. In White, the class action plaintiffs had been through bankruptcy and obtained discharges which were not properly reported by TRANS UNION whereas, here, YOUNG has never filed bankruptcy. However, the cases are similar in that the White court found that the plaintiffs stated a cause of action for violation of 15 U.S.C. §1681e in alleging that TRANS UNION prepared consumer reports without following reasonable procedures to assure maximum possible accuracy of the information. The White plaintiffs alleged that TRANS UNION failed to fully utilize the Pacer system to determine that a discharge had been entered in the plaintiffs' bankruptcies and failing to report same. Here, YOUNG asserts that TRANS UNION failed to

utilize the Pacer system to determine that YOUNG's Equity Line could not be in bankruptcy because he had never filed bankruptcy. TRANS UNION presumably has full knowledge of its investigative procedures. Accordingly, there can be no unfair prejudice to TRANS UNION in adding and asking them to defend this claim.

The remainder of the differences between he Amended Complaint and the Second Amended Complaint involve supplementing the facts based on additional information YOUNG has obtained.

For the forgoing reasons, YOUNG'S Motion for Leave to File the Second Amended Complaint should be granted.

Respectfully submitted,

**/s/ Barry S. Balmuth**
**BARRY S. BALMUTH, ESQUIRE**
Florida Bar No.: 868991
E-mail: blamuthlaw@alum.emory.edu
BARRY S. BALMUTH, P.A.
Centurion Tower - Eleventh Floor
1601 Forum Place, Suite 1101
West Palm Beach, Florida 33401
Telephone: (561) 242-9400
Facsimile: (561) 478-2433
Counsel for MICHAEL L. YOUNG

## Certificate of Service

**I hereby certify** that on this 22nd day of May, 2007, I filed this motion through the CM/ECF filing system, which will cause a copy to be served on all counsel or parties of record on the attached service list and all other parties participating in the CM/ECF filing system, all served electronically.

**/s/ Barry S. Balmuth**
**BARRY S. BALMUTH, ESQUIRE**

**SERVICE LIST**
**CASE NO.: 07-80031-CIV-MIDDLEBROOKS/JOHNSON**

Franklin Gordon Cosmen, Jr., Esquire
E-mail: fcosmen@fowler-white.com
Fowler White Burnett
1395 Brickell Avenue, 14th Floor
Miami, Florida 33131-3302
Telephone: (305) 789-2000
Facsimile: (305) 789-9201
Counsel for TRANS UNION, LLC

John Robert Whittles, Esquire
E-mail: jwhittles@richmangreer.com
Richman Greer Weil Brunbaugh Mirabito & Christensen
One Clearlake Centre
250 Australian Avenue South, Suite 1504
West Palm Beach, Florida 33401-5016
Telephone: (561) 803-3500
Facsimile: (561) 820-1608
Counsel for REED ELSEVIER, INC. and SEISINT, INC.

Trevor George Hawes, Esquire
E-mail: trevor.hawes@csklegal.com
Cole, Scott & Kissane, P.A.
1805 Copeland Street
Jacksonville, Florida 32204
Telephone: (904) 399-2900
Facsimile: (904) 399-2110
Counsel for CITIBANK

Ronald I. Raether, Jr., Esquire
and Robert W. Kiefaber, Esquire
E-mail: rraether@ficlaw.com
Faruki Ireland & Cox, P.L.L.
500 Courthouse Plaza SW
10 North Ludlow Street
Dayton, Ohio 45402
Telephone: (937) 227-3700
Facsimile: (937) 227-3717
Co-Counsel for REED and SEISINT

Erik Grohmann, Esquire
E-mail: erik.grohmann@strasburger.com
2801 Network Boulevard, Suite 600
Frisco, Texas 75034
Telephone: (469) 287-3920
Facsimile: (469) 287-2999
Counsel for TRANS UNION