**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**

**CASE NO. 07-80031-CIV-MIDDLEBROOKS/JOHNSON**

**MICHAEL L. YOUNG,**

**Plaintiff,**

**v.**

**REED ELSEVIER INC., et al.,**

**Defendants.**
______________________________________/

**PROTECTIVE ORDER WITH RESPECT TO CONFIDENTIALITY**

Pursuant to Appendix A(I)(A)(3) and (B)(2) of the Local Rules, the parties to this action desire to protect the confidentiality of certain documents, testimony and other information furnished in the course of such action. Accordingly,

**IT IS HEREBY ORDERED** as follows:

1. Michael L. Young has filed this lawsuit (the "Litigation") against Defendants Reed Elsevier Inc., Seisint, Inc., Citibank, Federal Savings Bank, Citibank (West), FSB, Citimortgage, Inc., and Trans Union LLC, ("Defendants"), alleging that Defendants are liable to Plaintiff for damages resulting from alleged violations of the Unfair and Deceptive Trade Practices Act, Florida Statute, Title 33, Section 501.201, *et.seq*., the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* as well as allegedly committing libel. In connection with the Litigation, Plaintiff has sought discovery or testimony regarding certain of Defendants' confidential and proprietary trade secrets and other



Dockets.Justia.com

business information and Defendants have sought discovery or testimony regarding the personal identifying information of Plaintiff (herein after collectively referred to as the “Confidential Information”).

2. "Confidential Information," as used in this Order, means any type or classification of information that is designated as confidential by the party or nonparty witness supplying the information (together "the supplying party"), whether it be a document, information contained in a document, information provided during a deposition or in any interrogatory answer, or otherwise disclosed in discovery. Confidential Information shall also mean all documents that reveal or disclose information contained in documents designated as confidential, including, without limitation, deposition transcripts, interrogatory answers and responses to requests for admissions so designated in accordance with paragraphs 4 and 5 of this Order, extracts or summaries of confidential documents, or other papers prepared in connection with this action. In designating information as confidential, the supplying party will make such designation only as to that information that the supplying party in good faith believes constitutes or contains: (a) a trade secret or other confidential research, development, proprietary systems, or commercial information; or (b) nonpublic information of a personal or private nature.

3. Documents shall be designated confidential by marking or stamping the front page of any such document "Confidential." In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged.

4. With respect to deposition testimony that constitutes or references Confidential Information, confidential portions of the transcript or videotape may be designated as such on the

record at the time the testimony is given. Additional portions of the testimony may be designated confidential not later than thirty (30) days after receipt of the transcript or videotape by the person making the designation. Until the thirty-day (30) period has expired, the entire transcript or videotape shall be treated as constituting Confidential Information. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph where an expedited filing of a designated portion of the deposition transcript is required. In addition, where a document designated as containing Confidential Information is introduced as an exhibit at a deposition, the following parts of the deposition transcript or videotape shall be considered confidential and subject to the provisions of this Order: all pages where (a) the document is shown to the deponent, or (b) questions based on the document are put to, or answers based on the document are given by, the deponent, or (c) the document is otherwise discussed on the transcript record. Before counsel for a party may show documents marked as "CONFIDENTIAL" to a deponent during a deposition or to a witness during a trial or hearing who is authorized under this Order to view the Confidential Information, the deponent or witness shall be shown a copy of this Order and shall sign, if they have not already done so, an acknowledgment in the form attached as Exhibit A, agreeing to be bound by the terms of this Order, and subject to an action for damages, injunctive relief, or other equitable relief in the event of an unauthorized disclosure of the Confidential Information in the documents.

5. The Parties shall have the right to designate as Confidential Information any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports,

disclosures, exhibits, trial or deposition testimony or other information that the Parties deem to be confidential. Any document, discovery, testimony, or other information that the Parties have designated as Confidential Information shall constitute Confidential Information, both in form and substance. Schedules, appendices and attachments to, or documents otherwise provided with, interrogatory answers designated confidential may also be designated confidential using the procedure in paragraph 3 applicable to documents.

6. All material and information designated as Confidential Information shall only be used for the sole and limited purpose of preparation for and trial of this action and shall not be used for any other purpose. The Confidential Information provided by any of the Parties shall be used strictly in accordance with the terms in this Order. At no time shall the Confidential Information be disclosed to or used by any person, corporation, or entity in competition with or against any of the Parties.

(a) Except as otherwise provided in this or subsequent Court Orders, Confidential Information shall not be disclosed or shown to anyone other than:

(1) The parties and the employees of such parties (or the parent or beneficial owner of such party) to whom it is necessary that Confidential Information be shown for purposes of this action;

(2) Outside counsel for the parties and the employees of such attorneys to whom it is necessary that Confidential Information be shown for purposes of this action;

(3) Inside counsel for each party and the employees of such attorneys to whom it is necessary that Confidential Information be shown for purposes of this action;

(4) Experts or consultants retained by Plaintiff, Plaintiff's attorneys, Defendants, and Defendants' attorneys in preparation for and/or the trial of this action and their staff;

(5) The Court or persons employed by the Court or the Clerk of the Court;

(6) Persons who were the authors or recipients of the documents in the ordinary course of business; and

(7) Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the supplying party after written notice to all parties and an opportunity to object is given.

(b) In addition to labeling documents or other material "Confidential," the designating party may provide a further level of confidentiality by additionally labeling documents or material "Specially Restricted." As used herein, the term "Specially Restricted Information" includes documents and information that are trade secrets, other confidential research, development or commercial information of a party that is used in that party's business and which gives that party an opportunity to obtain an advantage over competitors, and other

commercially sensitive or private personal information. Notwithstanding other provisions of this Order, information so labeled as "Specially Restricted" may only be disclosed to the individuals described in paragraphs 6(a)(1) (but only if counsel for a party believe in good faith that disclosure of such information is necessary in order to properly advise his client), 6 (a)(2), 6(a)(4), 6(a)(5), and 6(a)(7), unless successfully challenged in accordance with the terms of this Order.

7. In the event the Parties intend to file Confidential Information with the Court, they shall seal the Confidential Information in an envelope or another appropriately sealed container on which shall be typed a statement in the following form:

CONFIDENTIAL

> This envelope [or container] is sealed pursuant to an Order of the Court in accordance with Federal Rules of Civil Procedure. This envelope [or container] contains Confidential Information filed in this action and is not to be opened and the contents hereof revealed, except as permitted by the Agreed Protective Order entered in this cause, a subsequent order of the Court, or pursuant to a stipulation of the parties.

This Court shall review all sealed filings to determine if the subject matter shall be sealed. The Court shall have sole and final discretion over the sealing of filings.

8. Each person given access to Confidential or Specially Restricted Information under the terms of this Order shall be advised that the information is being disclosed pursuant and subject to the terms of this Order, and may not be disclosed other than as authorized by this Order. Prior to disclosure of any Confidential or Specially Restricted Information to the persons identified in paragraphs 6(a) (4), 6(a) (6), including those individuals in 6(a) (6) who are no

longer employed with the party supplying the Confidential Information, and 6(a) (7), each such person shall first: (a) read this Order; and (b) sign a copy of the Confidentiality Agreement, annexed as Exhibit A. The executed Confidentiality Agreements shall be filed with the attorneys of record for each party employing them, who shall retain all such agreements until further order of the Court.

9. A party shall not be obligated to challenge the propriety of a Confidential or Specially Restricted designation or move for a protective order at the time made, and failure to do so shall not preclude a subsequent challenge to such designation or the right to move for a protective order. If any party to this action objects, at any stage of the proceedings, to the designation of a document or testimony as Confidential or Specially Restricted the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the objecting party may, on notice to all other parties, apply to the Court for appropriate relief. The supplying party seeking to maintain the confidentiality of the information shall have the burden of establishing that the document, testimony or interrogatory answer is entitled to Confidential or Specially Restricted treatment. If an application to the Court is made, the document, testimony or interrogatory answer shall continue to be treated as confidential until the Court enters an order determining otherwise.

9. The production or disclosure during discovery of an attorney-client privileged, work product, Confidential, Specially Restricted, or other protected document or information medium ("Protected Material") shall not be deemed a waiver of privilege, work product, confidentiality, or other protection or immunity from discovery by the supplying party. Upon

notice by the supplying party that Protected Material was produced or disclosed, all recipients of the Protected Material shall not use it (or information in it) in any litigation, not permit it to be copied, distributed or otherwise disclosed to any other person until the matter of its production or disclosure is resolved either amicably by the parties, or by Order of the Court.

(a) Within sixty (60) days after the final resolution of the Litigation, including any appellate proceeding, the Parties agree to return to opposing counsel the original and any copies of any Confidential Information produced.

10. This Order shall not be construed as a waiver by any party of: (a) any objection to discovery on grounds other than the confidentiality of discovery sought; or (b) any privilege recognized by law.

11. Nothing in this Order shall prohibit disclosure of Confidential or Specially Restricted Information produced by or obtained from any party in this action in response to compulsory process or the process of any government regulatory agency. If any party is served with such process, that party shall give the supplying party notice of such process in writing as soon as possible, and shall take all reasonable steps to refrain from responding to such process until after the supplying party so notified has had a reasonable opportunity to take steps to ensure the continued confidentiality of the requested materials.

12. This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any Confidential Information or affects the admissibility of any evidence. The procedures to govern the use and disclosure of Confidential Information and the

redaction of any "Confidential' or "Confidential Information" designation may be the subject of further agreement of the Parties or order of the Court.

13. Nothing herein shall be construed as limiting a Party's use of its own Confidential Information and such use shall not constitute a waiver of the terms of this Order or the status of such information as Confidential Information. Any of the Parties can remove their designation of Confidential Information from any information it has previously so designated.

14. The Parties cannot use or disclose any Confidential Information in any pretrial court proceeding that is open to persons not authorized to have access to such Confidential Information under the terms of this Order. This provision does not limit the right of any of the Parties to submit any Confidential Information to the Court under seal as described above.

15. The terms of this Order shall survive the entry of judgment in this action, and shall continue until released in writing by the supplying party.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida this 4th day of June, 2007.



**DONALD M. MIDDLEBROOKS**
**UNITED STATES DISTRICT JUDGE**

Conformed copies to:
All Counsel on attached Service List