**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

MICHAEL L. YOUNG

Plaintiff,

vs.

REED ELSEVIER, INC., SEISINT, INC., CITIBANK, FEDERAL SAVINGS BANK, CITIBANK (WEST), FSB, CITIMORTGAGE, INC., and TRANSUNION, LLC

Case No. 07-80031 CIV-MIDDLEBROOKS/ JOHNSON

Defendants.
_______________________________________/

**ANSWER WITH AFFIRMATIVE DEFENSES**

COME NOW, CITIBANK, FEDERAL SAVINGS BANK, CITIMORTGAGE, INC., and the improperly named defendant, CITIBANK (WEST) FSB (hereafter collectively referred to as "Citibank"), by and through undersigned counsel hereby files this, their Answer With Affirmative Defenses responding to the allegations in the Plaintiff's Second Second Amended Complaint *in seriatim*, as follows:

**GENERAL ALLEGATIONS**

1. Citibank denies the allegations of paragraph 1 of the Second Amended Complaint.

2. Citibank admits the allegations of paragraph 2 of the Second Amended Complaint strictly and solely for jurisdictional and venue purposes.

3. Citibank is without sufficient information or knowledge of the allegations in paragraph 3 of the Second Amended Complaint and, therefore, must deny same.

4. Citibank denies the allegations of paragraph 4 of the Second Amended Complaint.

Dockets.Justia.com

5. Citibank is without sufficient information or knowledge of the allegations in paragraph 5 of the Second Amended Complaint and, therefore, must deny same.

6. Citibank is without sufficient information or knowledge of the allegations in paragraph 6 of the Second Amended Complaint and, therefore, must deny same.

7. Citibank is without sufficient information or knowledge of the allegations in paragraph 7 of the Second Amended Complaint and, therefore, must deny same.

8. Citibank is without sufficient information or knowledge of the allegations in paragraph 8 of the Second Amended Complaint and, therefore, must deny same.

9. Citibank is without sufficient information or knowledge of the allegations in paragraph 9 of the Second Amended Complaint and, therefore, must deny same.

10. Citibank is without sufficient information or knowledge of the allegations in paragraph 10 of the Second Amended Complaint and, therefore, must deny same.

11. Citibank is without sufficient information or knowledge of the allegations in paragraph 11 of the Second Amended Complaint and, therefore, must deny same.

12. Citibank admits the allegations of paragraph 12 of the Second Amended Complaint strictly and solely for jurisdictional and venue purposes.

13. Citibank denies the allegations of paragraph 13 of the Second Amended Complaint. Citibank admits that CITIBANK, NA is the successor in interest by merger to CITIBANK (WEST) FSB.

14. Citibank admits the allegations of paragraph 14 of the Second Amended Complaint strictly and solely for jurisdictional and venue purposes.

15. Citibank denies the allegations of paragraph 15 of the Second Amended Complaint.

16. Citibank denies the allegations of paragraph 16 of the Second Amended Complaint.

17. Citibank is without sufficient information or knowledge of the allegations in paragraph 17 of the Second Amended Complaint and, therefore, must deny same.

18. Citibank is without sufficient information or knowledge of the allegations in paragraph 18 of the Second Amended Complaint and, therefore, must deny same.

19. Citibank admits the allegations of paragraph 19 of the Second Amended Complaint strictly and solely for venue purposes.

**COUNTS I-III (LEXIS)**

20. Paragraphs 20 through 45 of the Second Amended Complaint do not appear to be directed to Citibank making a response superfluous. However, in an abundance of caution, Citibank would deny the allegations of paragraphs 20 through 45 of the Second Amended Complaint.

**COUNT IV (CITIBANK)**

21. Citibank denies the allegations of paragraph 46 of the Second Amended Complaint.

22. Citibank denies the allegations of paragraph 47 of the Second Amended Complaint.

23. Citibank is without sufficient information or knowledge of the allegations in paragraph 48 of the Second Amended Complaint and, therefore, must deny same.

24. Citibank is without sufficient information or knowledge of the allegations in paragraph 49 of the Second Amended Complaint and, therefore, must deny same.

25. Citibank is without sufficient information or knowledge of the allegations in paragraph 50 of the Second Amended Complaint and, therefore, must deny same.

26. Citibank is without sufficient information or knowledge of the allegations in paragraph 51 of the Second Amended Complaint and, therefore, must deny same.

27. Citibank is without sufficient information or knowledge of the allegations in paragraph 52 of the Second Amended Complaint and, therefore, must deny same.

28. Citibank is without sufficient information or knowledge of the allegations in paragraph 53 of the Second Amended Complaint and, therefore, must deny same.

29. Citibank denies the allegations in paragraph 54 of the Second Amended Complaint.

30. Citibank denies the allegations in paragraph 55 of the Second Amended Complaint.

31. Citibank denies the allegations in paragraph 56 of the Second Amended Complaint.

32. Citibank denies the allegations in paragraph 57 of the Second Amended Complaint.

**COUNT V (TRANS UNION)**

33. Paragraphs 58 through 70 of the Second Amended Complaint do not appear to be directed to Citibank making a response superfluous. However, in an abundance of caution, Citibank would deny the allegations of paragraphs 58 through 70 of the Second Amended Complaint.

**AFFIRMATIVE DEFENSES**

34. For their first Affirmative Defense, Citibank would assert that the Plaintiff has failed to state a claim upon which the relief sought can be granted.

35. For their second Affirmative Defense, Citibank would assert that at all times material it had in place reasonable and appropriate procedures to investigate and verify any and all credit information it was allegedly furnishing.

36. For their third Affirmative Defense, Citibank would assert that in accordance with the relevant provisions of the FCRA it reasonably and completely investigated, verified, updated, and/ or removed any and all disputed or allegedly false information reported by the Plaintiff.

37. For their fourth Affirmative Defense, Citibank would assert that the actions and/ or omissions complained of were caused by actions, omissions, and/ or errors of individuals and/ or entities, whether parties to this litigation or not, over whom Citibank has neither authority or an ability to control. Furthermore, Citibank would aver that these individuals and/ or entities are not agents, servants, or employees for whom Citibank may be held vicariously responsible under the FCRA.

38. For their fifth Affirmative Defense, Citibank would assert that the Plaintiff failed to mitigate his damages.

39. For their sixth Affirmative Defense, Citibank would assert that as a result of this litigation it has been required to retain the undersigned counsel to whom they are obligated to pay a reasonable fee, for which Citibank is entitled to recovery pursuant to 15 U.S.C. §§ 1681n, 1681o, where applicable.

**REQUEST FOR JURY TRIAL**

40. Citibank requests a jury trial on all issues so triable as a matter of right.

WHEREFORE, CITIBANK, FEDERAL SAVINGS BANK, CITIMORTGAGE, INC., and the improperly named defendant, CITIBANK (WEST) FSB respectfully requests that this Honorable Court deny the Plaintiff's claims in their entirety and award these defendants their costs and attorney's fees and such further relief as is just, proper and equitable.

COLE, SCOTT & KISSANE, P.A.

/s/ Trevor G. Hawes
Trevor G. Hawes
Florida Bar No. 521531
1805 Copeland Street
Jacksonville, Florida 32204
(904) 399-2900 (tel.)
(904) 399-2110 (fax.)
email: trevor.hawes@csklegal.com
Attorneys for Citibank

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the attorneys on the following Service List on this 25th day of June, 2007.

/s/ Trevor G. Hawes
Attorney

**SERVICE LIST**

**CASE NO.: 07-80031-CIV-MIDDLEBROOKS/JOHNSON**

Franklin Gordon Cosmen, Jr., Esquire
E-mail: fcosmen@fowler-white.com
Fowler White Burnett
1395 Brickell Avenue, 14th Floor
Miami, Florida 33131-3302
Telephone: (305) 789-2000
Facsimile: (305) 789-9201
Counsel for TRANS UNION, LLC

**BARRY S. BALMUTH, ESQUIRE**
Florida Bar No.: 868991
Counsel for MICHAEL YOUNG
Centurion Tower - Eleventh Floor
1601 Forum Place, Suite 1101
West Palm Beach, Florida 33401
Telephone: (561) 242-9400
Facsimile: (561) 478-2433
E-mail: balmuthlaw@alum.emory.edu

Erik Grohmann, Esquire
E-mail: erik.grohmann@strasburger.com
2801 Network Boulevard, Suite 600
Frisco, Texas 75034
Telephone: (469) 287-3920
Facsimile: (469) 287-2999
Counsel for TRANS UNION

John Robert Whittles, Esquire
E-mail: jwhittles@richmangreer.com
Richman Greer Weil Brunbaugh Mirabito
& Christensen
One Clearlake Centre
250 Australian Avenue South, Suite 1504
West Palm Beach, Florida 33401-5016
Telephone: (561) 803-3500
Facsimile: (561) 820-1608
Counsel for REED ELSEVIER, INC. and
SEISINT, INC.

Ronald I. Raether, Jr., Esquire
and Robert W. Kiefaber, Esquire
E-mail: rraether@ficlaw.com
Faruki Ireland & Cox, P.L.L.
500 Courthouse Plaza SW
10 North Ludlow Street
Dayton, Ohio 45402
Telephone: (937) 227-3700
Facsimile: (937) 227-3717
Co-Counsel for REED and SEISINT

L:\0201-0002-00 Young v. Citibank\answer to 2n amended complaint.DOC