IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-80031-CIV-MIDDLEBROOKS/JOHNSON

MICHAEL L. YOUNG,

Plaintiff,

v.

REED ELSEVIER INC., et al.,

Defendants.
_______________________________/

**ANSWER OF DEFENDANTS REED ELSEVIER INC. AND SEISINT, INC. TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL**

1. Defendant Reed Elsevier Inc. ("Reed") and Defendant Seisint, Inc. ("Seisint") admit that the Second Amended Complaint and Request for Jury Trial of Michael L. Young ("Second Amended Complaint") purports to bring an action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq. and under state law. Reed and Seisint deny the remaining allegations in paragraph 1 of the Second Amended Complaint.

2. Reed and Seisint admit that this action was removed from state court under 28 U.S.C. § 1441. Reed and Seisint deny the remaining allegations in paragraph 2 of the Second Amended Complaint.

3-4. Reed and Seisint deny the allegations in paragraphs 3 through 4 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

Dockets.Justia.com

5. Reed and Seisint admit that Reed is a foreign corporation and authorized to do business in Florida. Reed and Seisint deny the remaining allegations in paragraph 5 of the Second Amended Complaint.

6. Reed and Seisint admit that Seisint is a Florida corporation. Reed and Seisint deny the remaining allegations in paragraph 6 of the Second Amended Complaint.

7. Reed and Seisint admit that Seisint is a subsidiary of Reed. Reed and Seisint deny the remaining allegations in paragraph 7 of the Second Amended Complaint.

8-9. Reed and Seisint deny the allegations in paragraphs 8 through 9 of the Second Amended Complaint.

10. Reed and Seisint admit that the marketing web page located at http://www.accurint.com states: "LexisNexis is an industry leader in the responsible use of data and protection of individual privacy. Accurint, using public records and non-public information, provides invaluable fraud detection and identity solutions for the public and private sectors. Accurint helps safeguard citizens and reduces financial losses." Reed and Seisint further admit that Plaintiff received correspondence from Seisint. Reed and Seisint deny the remaining allegations in paragraph 10 of the Second Amended Complaint.

11. Paragraph 11 of the Second Amended Complaint does not contain an allegation to which Reed or Seisint can admit or deny. To the extent that paragraph 11 purports to include factual allegations, Reed and Seisint deny the allegations in paragraph 11 of the Second Amended Complaint.

12-18. Reed and Seisint deny the allegations in paragraphs 12 through 18 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

19. Reed and Seisint deny the allegations in paragraph 19 of the Second Amended Complaint.

**COUNT I - ALLEGED LIBEL BY ACCURINT**

Reed and Seisint incorporate the admissions and denials to the allegations contained in paragraphs 1 through 11, paragraph 15 and paragraph 19 of the Second Amended Complaint, as if fully set forth here.

20. Reed and Seisint deny the allegations in paragraph 20 of the Second Amended Complaint.

21-23. Reed and Seisint deny the allegations in paragraphs 21 through 23 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

24. Reed and Seisint deny the allegations in paragraph 24 of the Second Amended Complaint.

25. Reed and Seisint admit that "Accurint purchases and resells data collected by outside companies, which cover public records and commercially available data sources, in full compliance with all applicable federal and state privacy laws. [Accurint does] not examine or verify [its] data, nor is it possible for [Accurint's] computers to correct or change data that is

incorrect -- Accurint can only provide the data that was provided to [it]." Reed and Seisint deny the remaining allegations in paragraph 25 of the Second Amended Complaint.

26-30. Reed and Seisint deny the allegations in paragraphs 26 through 30 of the Second Amended Complaint.

**COUNT II - ALLEGED NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Reed and Seisint incorporate the admissions and denials to the allegations contained in paragraphs 1 through 11, paragraph 15, paragraph 19, and paragraphs 20 through 30 of the Second Amended Complaint, as if fully set forth here.

31. Reed and Seisint admit that composite Exhibit A to the Second Amended Complaint includes copies of correspondence from Michael L. Young to LexisNexis, dated May 15, 2006; and correspondence from Michael L. Young to LexisNexis dated June 18, 2006. Reed and Seisint deny the remaining allegations in paragraph 31 of the Second Amended Complaint.

32. Reed and Seisint admit that composite Exhibit B to the Second Amended Complaint includes copies of correspondence from LexisNexis Consumer Inquiry Department to Michael Young, dated May 9, 2006, and correspondence from LexisNexis Consumer Inquiry Department to Michael L. Young, dated July 11, 2006. Reed and Seisint further admit that "[Accurint does] not examine or verify [its] data, nor is it possible for [Accurint's] computers to correct or change data that is incorrect -- Accurint can only provide the data that was provided to [it]." Reed and Seisint deny the remaining allegations in paragraph 32 of the Second Amended Complaint.

33. Reed and Seisint admit that Exhibit C to the Second Amended Complaint includes a copy of correspondence from LexisNexis Consumer Inquiry Department to Michael L. Young, dated November 30, 2006. Reed and Seisint further admit that due to continuing development of the Accurint product, the bankruptcy record of Michael J. Young of Middletown, Ohio is no longer associated with Plaintiff's Accurint report. Reed and Seisint deny the remaining allegations in paragraph 33 of the Second Amended Complaint.

34-35. Reed and Seisint deny the allegations in paragraphs 34 through 35 of the Second Amended Complaint.

36. Reed and Seisint deny the allegations in paragraph 36 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

37-38. Reed and Seisint deny the allegations in paragraphs 37 through 38 of the Second Amended Complaint.

**COUNT III - ALLEGED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Reed and Seisint incorporate the admissions and denials to the allegations contained in paragraphs 1 through 11, paragraph 15, paragraph 19, and paragraphs 20 through 30 of the Second Amended Complaint, as if fully set forth here.

39. Reed and Seisint admit that composite Exhibit A to the Second Amended Complaint includes copies of correspondence from Michael L. Young to LexisNexis, dated May 15, 2006; and correspondence from Michael L. Young to LexisNexis dated June 18, 2006.

Reed and Seisint deny the remaining allegations in paragraph 39 of the Second Amended Complaint.

40. Reed and Seisint admit that composite Exhibit B to the Second Amended Complaint includes copies of correspondence from LexisNexis Consumer Inquiry Department to Michael Young, dated May 9, 2006, and correspondence from LexisNexis Consumer Inquiry Department to Michael L. Young, dated July 11, 2006. Reed and Seisint further admit that "[Accurint does] not examine or verify [its] data, nor is it possible for[Accurint's] computers to correct or change data that is incorrect -- Accurint can only provide the data that was provided to [it]." Reed and Seisint deny the remaining allegations in paragraph 40 of the Second Amended Complaint.

41. Reed and Seisint admit that Exhibit C to the Second Amended Complaint includes a copy of correspondence from LexisNexis Consumer Inquiry Department to Michael L. Young, dated November 30, 2006. Reed and Seisint further admit that due to continuing development of the Accurint product, the bankruptcy record of Michael J. Young of Middletown, Ohio is no longer associated with Plaintiff. Reed and Seisint deny the remaining allegations in paragraph 41 of the Second Amended Complaint.

42. Reed and Seisint deny the allegations in paragraph 42 of the Second Amended Complaint.

43. Reed and Seisint deny the allegations in paragraph 43 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

44-45. Reed and Seisint deny the allegations in paragraphs 44 through 45 of the Second Amended Complaint.

**COUNT IV - ALLEGED VIOLATION OF FAIR CREDIT REPORTING ACT BY CITIBANK**

Reed and Seisint incorporate the admissions and denials to the allegations contained in paragraphs 1 through 17, and paragraph 19 of the Second Amended Complaint, as if fully set forth here.

46-57. Reed and Seisint deny the allegations in paragraphs 46 through 57 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

**COUNT V - ALLEGED VIOLATION OF FAIR CREDIT REPORTING ACT AGAINST TRANSUNION**

Reed and Seisint incorporate the admissions and denials to the allegations contained in paragraphs 1 through 19 of the Second Amended Complaint, as if fully set forth here.

58-70. Reed and Seisint deny the allegations in paragraphs 58 through 70 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

**ADDITIONAL DEFENSES**

**FIRST ADDITIONAL DEFENSE**

The Second Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND ADDITIONAL DEFENSE**

The Second Amended Complaint fails because the allegations are impermissibly vague under Federal Rule of Civil Procedure 8.

**THIRD ADDITIONAL DEFENSE**

Plaintiff's claims are barred by the doctrines of ripeness, mootness, or justiciability.

**FOURTH ADDITIONAL DEFENSE**

The Second Amended Complaint fails to join all indispensable parties as required by Federal Rule of Civil Procedure 19.

**FIFTH ADDITIONAL DEFENSE**

Plaintiff has failed to mitigate his damages, if any, in the manner and to the extent required by law.

**SIXTH ADDITIONAL DEFENSE**

Plaintiff's claim for punitive damages is unconstitutional because it violates constitutional protections under the United States Constitution. An award of punitive damages in this action would violate the due process rights of Reed and Seisint under: (1) the Fifth and Fourteenth Amendments to the United States Constitution; and (2) the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution. Punitive damages are penal in nature and Reed and Seisint are being subjected to a claim for criminal penalty without the constitutional safeguards against double jeopardy, vagueness, lack of specific guidelines and standards, self-incrimination, proof beyond a reasonable doubt, equal protection, substantive due process, and procedural due process.

**SEVENTH ADDITIONAL DEFENSE**

Plaintiff's claims fail because Plaintiff cannot prove Reed or Seisint proximately caused Plaintiff's alleged injuries.

**EIGHTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, by his own contributory negligence.

**NINTH ADDITIONAL DEFENSE**

If Plaintiff was injured and suffered damages as alleged, which is specifically denied, then the injuries and damages were caused, in whole or in part, by the acts or omissions of others, whether individual, corporate or otherwise, whether named or unnamed in the Second Amended Complaint, for whose conduct Reed and Seisint are not responsible.

**TENTH ADDITIONAL DEFENSE**

The Second Amended Complaint fails to allege facts sufficient to merit a recovery of actual or punitive damages, interest, or attorneys' fees and costs.

**ELEVENTH ADDITIONAL DEFENSE**

Reed or Seisint did not publish any statements regarding Plaintiff to any third party.

**TWELFTH ADDITIONAL DEFENSE**

Banko is a product that is sold by a subsidiary of Reed not named as a defendant in this matter. Neither Reed nor Seisint control, maintain or sell information through Banko or otherwise engage in any activity that would permit any court of competent jurisdiction to hold Reed or Seisint liable for conduct relating to or arising out of Banko.

**THIRTEENTH ADDITIONAL DEFENSE**

Reed and Seisint prepared all reports, if any, regarding Plaintiff with reasonable care.

**FOURTEENTH ADDITIONAL DEFENSE**

Reed and Seisint's conduct was not outrageous.

**FIFTEENTH ADDITIONAL DEFENSE**

Plaintiff did not suffer severe emotional distress.

**SIXTEENTH ADDITIONAL DEFENSE**

Plaintiff did not suffer any physical injuries proximately caused by Reed or Seisint.

**SEVENTEENTH ADDITIONAL DEFENSE**

Plaintiff did not suffer any physical impact or manifestation relating to his alleged emotional injuries.

**EIGHTEENTH ADDITIONAL DEFENSE**

Plaintiff was not involved in any event that caused negligent injury to another.

**NINETEENTH ADDITIONAL DEFENSE**

Reed and Seisint are entitled to a set-off, should any damages be awarded against them, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged injuries. Reed and Seisint are also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

**TWENTIETH ADDITIONAL DEFENSE**

Reed and Seisint are entitled to indemnification from any person or entity to the extent information provided by Reed and Seisint was used for a purpose prohibited by any agreement allowing access to such information.

**TWENTY-FIRST ADDITIONAL DEFENSE**

Plaintiff's claims fail because the Communications Decency Act of 1996, 47 U.S.C. § 230, et seq. immunizes Reed and Seisint from liability for information published by a third-party.

**TWENTY-SECOND ADDITIONAL DEFENSE**

Plaintiff's Florida state law claims are preempted by federal law.

**TWENTY-THIRD ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the qualified privilege precluding libel actions concerning a publication to a person or entity that has a business-related right, duty or interest in the Plaintiff.

**TWENTY-FOURTH ADDITIONAL DEFENSE**

Reed and Seisint incorporate the defenses of all other persons or entities who may become parties to this action as if those defenses were set forth here.

**TWENTY-FIFTH ADDITIONAL DEFENSE**

Reed and Seisint reserve the right to amend its answer to raise additional defenses that may arise during the course of this litigation.

WHEREFORE, having fully answered, Reed and Seisint request that the Court:

(a) dismiss Plaintiff's Second Amended Complaint with prejudice;

(b) award Reed and Seisint its costs; and

(c) award Reed and Seisint such other relief that this Court finds necessary and appropriate.

Respectfully submitted,

FB# 003488
FOR

John R. Whittles
Florida Bar Number 0178802
RICHMAN GREER, P.A.
One Clearlake Centre, Suite 1504
250 Australian Avenue South
West Palm Beach, Florida 33401
Telephone: (561) 803-3512
Telecopier: (561) 820-1608
E-mail: jwhittles@richmangreer.com

Ronald I. Raether, Jr. (admitted pro hac vice)
Ohio Bar Number 0067731
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: (937) 227-3733
Telecopier: (937) 227-3717
E-mail: rraether@ficlaw.com

Attorneys for Defendants
Reed Elsevier Inc. and Seisint, Inc.

## CERTIFICATE OF SERVICE

I certify that on the 29th day of June, 2007, I electronically served the foregoing Answer of Defendants Reed Elsevier Inc. and Seisint, Inc. to the Plaintiff's Second Amended Complaint and Request for Jury Trial on counsel for all parties:

Barry S. Balmuth
Barry S. Balmuth, P.A.
Centurion Tower
1601 Forum Place, Suite 1101
West Palm Beach, FL 33401

Counsel for Plaintiff Michael L. Young

Franklin G. Cosmen
Fowler White Burnett PA
Espirito Santo Plaza
1395 Brickell Avenue, 14th Floor
Miami, FL 33131-3302

Counsel for Defendant TransUnion LLC

Trevor G. Hawes
Cole, Scott & Kissane, P.A.
1805 Copeland Street
Jacksonville, FL 32204

Counsel for Defendant Citibank Federal Savings Bank, Citibank (West), FSB; and Citimortgage, Inc.

for FBN 0613488

John R. Whittles

184163.1